IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAMION GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-408-RAH-CWB |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Damion Green is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 1).[1] For the reasons discussed below, the Magistrate Judge recommends that Green's § 2255 motion be granted in part and dismissed without prejudice in part.

**I.    Background**

In April 2016, Green along with two codefendants—Denisha Blandenburg and Kenyon K. Smith—were charged in a multi-count indictment arising from the alleged importation and distribution of synthetic cannabinoids in the Dothan, Alabama area. (Crim. Doc. 13). On February 6, 2019, Green pled guilty to the following offenses:

- one count of conspiracy to possess with intent to distribute controlled substances, specifically a mixture containing synthetic cannabinoids, in violation of 21 U.S.C. § 846 (Count 1);

- two counts of aiding and abetting use of a communication facility to facilitate a drug conspiracy in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Counts 2 and 6);

---

[1] References to documents filed in this proceeding are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 1:16-cr-131-ALB) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the original versions as presented for filing.

1

- one count of conspiracy to import a controlled substance in violation of 21 U.S.C. §§ 846, 952, and 960 (Count 5);

- one count of conspiracy to maintain a drug-involved premises in violation of 21 U.S.C. § 846 (Count 7); and

- one count of money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), and (a)(1)(B)(i) (Count 13).

(Crim. Doc. 354).

The government in turn agreed to dismiss several counts of the indictment and to recommend a sentence of 180 months. (*Id*. at pp. 4-5). At the July 2, 2019 sentencing hearing, the district court accepted the plea agreement and sentenced Green to 180 months of imprisonment. (Crim. Doc. 353). The sentence consisted of 180 months on Counts 1, 5, 7, and 13, as well as 96 months on Counts 2 and 6, all to be served concurrently. (Doc. 1-1 at p. 3). The district court further ordered that Green's federal sentence be served concurrently with the state sentence he was serving. (*Id*.). Green did not file an appeal.[2]

On June 12, 2020, Green filed the pending § 2255 motion to assert the following claims:

1. Trial counsel was ineffective for failing to challenge the search warrants that authorized installation of GPS tracking devices on vehicles driven by Green's codefendant Denisha Blandenburg and for allowing Green to plead guilty when the government's evidence was unlawfully obtained.

2. Trial counsel was ineffective for allowing Green to plead guilty when some of the seized drugs were not analyzed by the DEA laboratory and for failing to challenge the drug amounts attributed to Green in the PSR.

3. Trial counsel was ineffective for failing to challenge imposition of a four-level organizer/leader role enhancement under U.S.S.G. § 3B1.1(a).

4. Trial counsel was ineffective for failing to file an appeal after Green instructed him to do so.

---

[2] Green's plea agreement contained a waiver provision in which he waived his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct. (Doc. 11-2 at pp. 10-11).

      5. Trial counsel was ineffective for failing to obtain a conditional guilty plea reserving Green's right to appeal the denial of his motion to suppress.

      6. Trial counsel was ineffective for failing to seek a downward departure under Amendment 806 of the Sentencing Guidelines.

(Doc. 1 at pp. 13-17).[3]

The court later scheduled an evidentiary hearing on Green's claim regarding trial counsel's failure to file an appeal, and the court appointed counsel to represent Green for the limited purpose of that claim. (Docs. 28, 35). Prior to the scheduled hearing, however, the government filed a Notice of Agreed Facts and Law (Doc. 49) wherein it conceded that Green in fact did instruct trial counsel to file a notice of appeal. The concession was explained by the government during a telephone conference on July 13, 2023, and trial counsel has submitted an amended affidavit (Doc. 58) to confirm that "Green had requested that counsel appeal his plea."

## II.  Standard for § 2255 Relief

A prisoner may obtain relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden of establishing that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *See, e.g., Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

---

[3] The claims in Green's § 2255 motion overlap in places and are not always presented in a clear fashion. The undersigned therefore has recast some of the claims for organizational and analytical purposes. Green sets forth his claims as Grounds One through Eight.

**III.     Standard for Claims Asserting Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the standard announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To make a sufficient showing of ineffective assistance, a petitioner must prove two things: (1) "counsel's performance was deficient;" and (2) "the deficient performance prejudiced the defense." *Id*. at 687. Performance is deficient when "it f[alls] below an objective standard of reasonableness and [i]s outside the wide range of professionally competent assistance." *Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011) (internal quotation marks omitted). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Unless a petitioner satisfies both prongs, relief should be denied. *Id*. at 687; *see also Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

**IV.     Discussion**

Ground Five of Green's § 2255 motion asserts that his trial counsel rendered ineffective assistance by failing to file an appeal after being instructed to do so. (Doc. 1 at p. 16). In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court held that *Strickland* applies to determine whether counsel is ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. Regarding the first prong of *Strickland*—whether counsel's representation fell below an objective standard of reasonableness—the Supreme Court confirmed that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791–92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477). In such cases, prejudice is presumed, and the petitioner may have a new appeal with no further showing. *Flores-Ortega*,

528 U.S. at 483 ("The ... denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, ... demands a presumption of prejudice.").

A failure by counsel to pursue an appeal that specifically has been requested by the defendant thus should result in the granting of an out-of-time appeal, even absent a showing that the defendant would have had any viable grounds for appeal. *Id*. at 477; *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996). The Eleventh Circuit has set forth a four-step remedial process for such circumstances:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).[4]

Here, the government has conceded that "Defendant asked trial counsel to file a notice of appeal on his behalf" and that "[t]rial counsel failed to do so." (Doc. 49 at p. 1). The government further has conceded that "trial counsel rendered ineffective assistance for failing to file a notice of appeal after being instructed to do so." (*Id*.). Accordingly, the government "acknowledges that an out-of-time appeal is the appropriate remedy" and stipulates that the court should "implement the procedures outlined in *Phillips*." (*Id*. at p. 2). The undersigned likewise concludes that Green is entitled to relief on the claim asserted as Ground Five and that Green should be granted the opportunity to file an out-of-time appeal. The remainder of Green's § 2255 motion, however,

---

[4] Effective December 1, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended to increase the time for filing a notice of appeal to 14 days. *See* Fed. R. App. P. 4 advisory committee notes (2009 Amendments). The post-amendment version of Rule 4(b)(1)(A) would require that Green file a notice of appeal within 14 days from the date the district court enters judgment in his case.

should dismissed without prejudice. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (where the district court grants a movant's claim seeking an out-of-time appeal, the district court should dismiss without prejudice any remaining claims in the § 2255 motion or hold such claims in abeyance pending the outcome of the reinstated direct appeal).

**V.  Conclusion**

For the reasons set forth above, it is the **RECOMMENDATION** of the Magistrate Judge that Green's § 2255 motion (Doc. 1) be **GRANTED IN PART** and **DISMISSED WITHOUT PREJUDUCE IN PART** as follows:

(1) Green's claim for ineffective assistance of counsel as asserted in Ground Five of his § 2255 motion should be granted;

(2) the judgment entered against Green in 1:16-cr-131-ALB should be vacated;

(3) the same sentence should be re-imposed in 1:16-cr-131-ALB, and an identical judgment should be re-entered against Green in 1:16-cr-131-ALB;

(4) Green should be advised that he has the right to appeal from the re-entered judgment and that the court will appoint counsel upon proper request;

(5) Green should be advised that he must file any notice of appeal from the re-entered judgment within the 14-day period provided under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure; and

(6) Grounds One, Two, Three, Four, Six, Seven and Eight of Green's § 2255 motion should be dismissed without prejudice.

It is hereby **ORDERED** that objections to this Recommendation be filed no later than **September 5, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the district court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 22nd day of August 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**